UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| OTHA HENRY NOWLIN III, | ) |
|---|---|
| Plaintiff, | ) |
| | ) Case No. 1:12-CV-283 JD |
| v. | ) |
| | ) |
| JOHN C. BOHDAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Otha Henry Nowlin III, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983.[1] [ECF Nos. 4, 5.] Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, to survive dismissal, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless,

---

[1] Nowlin has submitted two amended complaints, one of which names defendants at the Allen County Jail, and the other names defendants involved in his pending criminal case, including the judge and prosecutor. [ECF Nos. 4, 5.] The court might be justified in splitting the complaints into two cases and requiring that Nowlin pay the entire filing fee in both cases. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). However, it is apparent that Nowlin believes the complaints are related, as both hinge on a claim that he is a "sovereign citizen" not subject to the laws of the state of Indiana. [*See* ECF No. 5 at 7.] Given Nowlin's *pro se* status and the possibility that he may be confused about how to proceed, the two complaints will be analyzed together.

the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Nowlin claims that he is a "sovereign citizen" who is being held "hostage" at the Allen County Jail on pending criminal charges. [ECF No. 4 at 18.] In essence, he claims that once he notified jail personnel and the state officials involved in his criminal case that he is a sovereign citizen not subject to the laws of Indiana, they were required to release him and dismiss the charges against him. [ECF No. 4, 5.] He names multiple defendants including the State of Indiana, the judge presiding over his criminal case, the prosecutor, his public defender, and various officials at the jail. He seeks dismissal of the criminal charges, monetary damages, and other relief.

As an initial matter, Nowlin cannot obtain release from custody in a civil rights action under 42 U.S.C. § 1983; such relief can only be pursued in a habeas petition brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). Furthermore, both the judge and prosecutor are entitled to immunity for their actions taken in the state criminal case, even if Nowlin believes they acted improperly in refusing to dismiss the charges against him. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (absolute judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (absolute prosecutorial immunity). The State of Indiana is entitled to Eleventh Amendment immunity from a damages suit, *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987), and Nowlin's public defender is not a state actor who can be sued for constitutional violations. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act

under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Even if Nowlin could overcome the above barriers, his underlying claim that he is a sovereign citizen is patently frivolous. "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th 2011); *see also United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (characterizing claims that defendant was a sovereign citizen as "shop worn" and "frivolous"); *Blake-Bey v. Cook County, Ill.*, 438 FED. APPX. 522, at *1 (7th Cir. Nov. 23, 2011) (affirming dismissal of suit by persons alleging to be sovereign citizens not subject to the laws of Illinois); *United States v. Toader,* 409 FED. APPX. 9, at *13 (7th Cir. Nov. 24, 2010) (rejecting argument that court lacked jurisdiction over defendant claiming to be "Native Asiatic Moorish National Citizen" since laws of the United States "apply to all persons within its borders").

Additionally, Nowlin raised identical claims against several of the same defendants in an earlier-filed lawsuit, which was dismissed under 28 U.S.C. § 1915A. *See Nowlin v. Allen County Jail*, No. 1:12cv284 (N.D. Ind. dismissed Sept. 7, 2012). It is malicious for him to file multiple suits against the same defendants based on the same set of facts. *See* 28 U.S.C. § 1915A; *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915A if it is intended to harass or is otherwise abusive of the judicial process); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to

file a lawsuit that duplicates allegations of another pending lawsuit brought by the same plaintiff). Accordingly, Nowlin's sovereign citizen claims must be dismissed.

Nowlin also appears to complain that there is no law library at the jail. [ECF No. 4 at 18.] Although inmates have a First Amendment right of access to the courts, there is no "abstract free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim an inmate must "spell out" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious challenge to his conviction, sentence, or the conditions under which he is being housed. *Id.*

Here, it is apparent from the attachments to the complaint that jail personnel have attempted to respond to Nowlin's often incomprehensible requests for legal materials, and have provided him with legal resources and court forms so that he could pursue his various claims. [*See* ECF No. 4 at 9-17.] Nowlin does not allege, nor can it be plausibly inferred, that he has been unable to litigate a meritorious case due to lack of access to legal materials. It is apparent that he has a public defender representing him in the criminal case, and the records of this court reflect that he has had no difficulty filing civil cases. To the extent Nowlin is claiming that the lack of access to legal materials has hindered his ability to litigate his status as a sovereign citizen, such a claim is frivolous in any event. Accordingly, Nowlin fails to state a plausible claim for relief.

For the reasons set forth above, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED:  September 14, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court